The Board of Commissioners of Bartholomew Co. *v.* Bryan.

THE BOARD OF COMMISSIONERS OF BARTHOLOMEW CO. *v.* BRYAN.

CORONER'S FEES—STATUTES CONSTRUED.—The fees of a coroner for holding an inquest or making a *post mortem* examination, must be collected of the estate of the deceased person, and not merely of the property found with the dead body, unless such estate be insufficient to pay them, and in such case they may be collected of the county.

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought this action against the Board of Commissioners, to recover his fee, as coroner, for holding an inquest over the dead body of one *Joshua Crossby.*

The cause was submitted to the Court upon an agreement of facts which is as follows:

"Plaintiff, on the 8th of *April,* 1863, was the coroner of *Bartholomew* county, and as such held an inquest and *post mortem* examination over the dead body of *Joshua Crossby,* and, for his services therefor, is legally entitled to fees, to the amount of 5 dollars and 50 cents. The estate of the deceased is solvent, and administration has been properly granted thereon. The only question involved is, whether the fees named should be paid by the county, or by the estate of the decedent. If they are legally chargeable against the county then, the judgment is to be in favor of the plaintiff, for 5 dollars and 50 cents, and costs. If not so chargeable, the judgment is to be for the defendants for costs," &c.

Upon these facts the Court found for the plaintiff, and, having refused a new trial, rendered judgment, &c.

In relation to the point involved in this ruling, the statutes now in force provide thus:

"SEC. 20. The fees of coroners, for impanneling and swearing a jury and witnesses, and making and returning inquisition for the view of each body, shall be 5 dollars.

"Sec. 23. All fees of inquests shall be paid out of the property of the deceased person, if there be so much belonging to such deceased. If not, then out of the county treasury." 1 R. S., G. & H., p. 338.

Thus, it will be seen, that the coroner's right to a fee is purely statutory, and under the statute, the liability of the county, for such fee, does not attach, unless the decedent, at his death, had not property sufficient to pay it. This is, no doubt, a proper construction of the statute; and as, in this instance, it is conceded that *Crossby*, when he died, had an estate, which is in the hands of his administrator, and is solvent, we must presume that there is enough of it to pay the fee, and, in consequence, the county is not liable.

But there is another provision of the statute, referred to, by the appellee, which makes it the duty of the coroner to "require the jury to examine and make report of the amount of money, or other valuables found with the dead body, which amount of money or other property, if there be no person to take charge of the same, shall be placed in the hands of the treasurer of the county in which said body may be found, and by him paid over to the person or persons authorized to receive the same, if any such person shall call therefor. But so much thereof as may be necessary, may, by the treasurer, be appropriated, under the order of the Board of Commissioners, to paying the burial expenses of the deceased." 2 *id*. p. 18, sec. 11.

Under this section, it is insisted that if there is no property found " with the dead body," the county is liable, though the deceased might have other property belonging to him sufficient to pay the fee. This position is untenable. Between sec. 23 and the provision just quoted, there is no apparent connection. The latter relates, not to the payment of fee; but to the disposal of money or property found with the dead body, and to " the burial expenses of the deceased."

As we construe the statutory provisions, to which reference has been made, the county is not liable for the coroner's fee, if the deceased, at his death, left property enough to pay it; though the same may not be found "with the dead body."

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Francis T. Hord*, for the appellant.

*A. H. Bryan*, for the appellee.